UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARK COLIN JENNINGS, II,

                    Plaintiff,                    Case No. 1:16-cv-483

v.                                    Honorable Janet T. Neff

HEIDI E. WASHINGTON et al.,

                    Defendants.

_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint on grounds of immunity with respect to Defendants MDOC and MHS, and for failure to state a claim against Defendants Washington, Sivic, Mehaan, Klein, Corizon Medical, Sizer, Defraetais, Knack, Eicher, Ball, Miller, Davis, Martin, Briske, Dumas, Rogers, Canlas, Kerstein, Crompton, Schoos,

Westbrooks, McQueeny, and Holmes.  The Court will serve the complaint against Defendant Showers.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated at the Oaks Correctional Facility (ECF) in Manistee, Michigan.  Plaintiff alleges that the events described in his complaint occurred while he was at ECF, as well as the Carson City Correctional Facility (DRF), and the Kinross Correctional Facility (KCF).  Plaintiff sues MDOC Director Heidi E. Washington.  Plaintiff also sues the following Defendants: *from DRF*,  Assistant Residential Unit Manager Bradley Showers and social worker Betsy Sivic; *from KCF*, social worker Amy Klein, corrections officer (unknown) Mehaan, nurses Matt Sizer, Russell Defraetais, (unknown) Knack, Dawn Eicher, Wendy Ball, Denny Miller, Lori L. Davis, and Shannon Martin, nurse practitioner Penny Rogers, and doctors (unknown) Canlas and Robert T. McQueeny; and *from ECF*, nurses (unknown) Briske and Lori L. Dumas, and doctors (unknown) Compton and (unknown) Schoos.  In addition, Plaintiff also sues Doctors G. Kerstein and Francine Westbrooks of the Lansing Bureau of Healthcare Services.  Finally, Plaintiff sues Corizon Medical, MHS (presumably Mental Health Services), and the MDOC.

Plaintiff describes his claim as arising under the Eighth Amendment.  The complaint first describes events from January of 2014:

> On 1-16-14 at Carson City Correctional Facility I told Arus Bradley Showers of 800 unit Level II. That my bunkie inmate Paul Edison Smith #752239 had kicked me in the face and then conveyed he had raped some kids.  He begin threatening to choke me to death with a shoestring and knock me out and rape me.  Arus Showers did nothing about it.  On 1-21-2014 I spoke to Ms. Sivic my social worker concerning these threats and assault.  Ms. Sivic called Arus Showers to ask for Assistance.  I there [sic] again went to Arus Showers to ask for assistance.  Again, it was refused.  On 1-22-2016 in 800 Unit cell 53 inmate Smith hit me with a lock in the face

splitting my face open. Leaving a scare [sic], and then hit me again in my right temple causing me to lose my eyesight and hearing on the right side of my head. These injuries have left me with headaches and dizziness which the MDOC refuses to treat. I have documented record that I lost my eyesight but they will not send me to a hearing specialist or a neurologist. This is a deliberate indifference claim for failure to protect.

(ECF No. 1, PageID.5.) Plaintiff then describes a number of medications and medical interventions he has been denied by Corizon Medical and its staff and the MDOC and its Mental Health Service. (Id. at PageID.5-6.) Plaintiff does not allege which Defendant(s) denied him treatment or when they denied him treatment.

Finally, Plaintiff alleges that MDOC staff at KCF, specifically Defendant Mehaan, placed him in segregation from February 7, 2014 to March 7, 2014, in retaliation for Plaintiff reporting sexual abuse, sexual harassment, and physical assaults by inmates and the MDOC staff. (*Id*.) Plaintiff alleges that he reported the retaliation to Defendant Klein but that she did nothing about it. (*Id*. at PageID.6.)

II.    Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the MDOC or the Mental Health Service of the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit

-3-

has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the MDOC and the MHS.

III.   <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the

-4-

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.      No specific allegations of wrongdoing

Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206,

1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).  Plaintiff fails even to mention Defendants Washington, Sizer, Defraetais, Knack, Eicher, Ball, Miller, Davis, Martin, Briske, Dumas, Rogers, Canlas, Kerstein, Crompton, Schoos, Westbrooks, McQueeny and Holmes in the body of the complaint.  He therefore fails to give these Defendants fair notice of his claims against them or the grounds upon which those claims rest.  As a result, Plaintiff's claims against these Defendants are properly dismissed.

B.     Eighth Amendment - Failure to protect

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995).  *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). Plaintiff's allegations suffice to state a claim for deliberate indifference against Defendant Showers.

Plaintiff's allegations against Defendant Sivic, however, are not sufficient.  With respect to Defendant Sivic, Plaintiff alleges that he told her about prisoner Smith's threats of harm

and Defendant Showers' indifference. Defendant Sivic contacted Defendant Showers and requested that he provide assistance to Plaintiff. There is nothing in Plaintiff's allegations to support a determination that Defendant Sivic's action demonstrate deliberate indifference. Accordingly, Defendant Sivic is properly dismissed from this action.

C.     <u>First Amendment - Retaliation</u>

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's allegations fail at the third requirement. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare

-7-

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

Plaintiff alleges:

> I have been retaliated against for reporting the sexual abuse, sexual harassment and physical assaults by inmates, by the MDOC staff, et al. by being placed in a segregation unit with no heat. The tempurature [sic] outside was 20 degrees below zero. This was done by CO Mehaan . . . .

(ECF No. 1, PageID.6-7.) Plaintiff alleges nothing more with regard to the retaliation. Such conclusory allegations without supporting allegations of material fact are simply insufficient to state a retaliation claim.

D.    Liability for the acts of another

Plaintiff alleges that he told Defendant Klein about Defendant Mehaan's retaliation, but she refused to help. The Sixth Circuit held that where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The reason is that there must be active unconstitutional behavior. Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior by a person. *Id.* Furthermore, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002);

-8-

*Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).   "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   *Iqbal*, 556 U.S. at 676.   Plaintiff has failed to allege that Defendant Klein engaged in any active unconstitutional behavior.   Accordingly, he fails to state a claim against her.

<u>**Conclusion**</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants MDOC and MHS will be dismissed on grounds of immunity. Defendants Washington, Sivic, Mehaan, Klein, Corizon Medical, Sizer, Defraetais, Knack, Eicher, Ball, Miller, Davis, Martin, Briske, Dumas, Rogers, Canlas, Kerstein, Crompton, Schoos, Westbrooks, McQueeny, and Holmes will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).   The Court will serve the complaint against Defendant Showers.

An Order consistent with this Opinion will be entered.


Dated:   May 31, 2016                           /s/ Janet T. Neff
                                                Janet T. Neff
                                                United States District Judge