UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK JENNINGS, II #711938,

      Plaintiff,                                Hon. Janet T. Neff

v.                                                        Case No. 1:16-cv-483

HEIDI WASHINGTON, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (ECF No. 41). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **denied**.

## BACKGROUND

Plaintiff initiated this action on May 9, 2016, against the Michigan Department of Corrections, Corizon Medical Services, Mental Health Services, and twenty-three (23) individuals. All of Plaintiff's claims were dismissed on screening, save Plaintiff's claim that Defendant Showers violated his Eighth Amendment rights by failing to protect him from an assault from another prisoner. Defendant Showers now moves for summary judgment.[1]

---

[1] Defendant styles his motion as a motion for qualified immunity. This represents, however, a misunderstanding of qualified immunity. Defendant does not dispute that the right Plaintiff seeks to enforce in this matter was clearly established as of the date of the relevant events. Likewise, Defendant does not argue that he reasonably believed that his alleged actions were not unlawful. Instead, Defendant has submitted evidence and asserts that there is no factual dispute necessitating a trial on the merits. In other words, Defendant is simply seeking summary judgment under Federal Rule of Civil Procedure 56.

# SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In

sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Plaintiff alleges that Defendant Showers violated his Eighth Amendment rights by failing to protect him from an assault by his bunkmate. In his complaint, Plaintiff alleges the following. On January 16, 2014, Plaintiff informed Defendant Showers that his bunkmate, Paul Smith, kicked him in the face and threatened to rape and kill him. Defendant Showers took no action in response to Plaintiff's report. On January 21, 2014, Plaintiff spoke with a social worker, Betsy Sivic, about this matter. Sivic immediately contacted Defendant Showers "to ask for assistance" in this matter. Later that day, Plaintiff

met with Defendant Showers who again refused Plaintiff's request for assistance. The following day, Plaintiff was assaulted by his bunkmate causing serious permanent injuries.

Plaintiff's failure to protect claim implicates the Eighth Amendment which requires Plaintiff to establish that Defendant Showers was deliberately indifferent to "a substantial risk" that he might suffer "serious harm." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). To establish that Defendant acted with deliberate indifference, Plaintiff must demonstrate that Defendant was "subjectively aware of the risk," but failed "to take reasonable measures to abate it.'" *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 829, 847). To prevail on the specific claim that Defendant failed to protect him from an assault by another inmate, Plaintiff must establish: (1) Defendant had reason to believe Plaintiff would be assaulted by another inmate and (2) Defendant had both the opportunity and means to prevent the assault. *See, e.g., Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013).

Defendant Showers asserts that he is entitled to summary judgment because he "did not perceive [Plaintiff] to be in any danger." (ECF No. 42 at PageID.252). According to Defendant, the situation between Plaintiff and his bunkmate was "nothing more than routine roommate conflict." (ECF No. 42 at PageID.252). Showers asserts that he nevertheless offered to place Plaintiff in protective custody which Plaintiff refused. (ECF No. 42 at PageID.252). Defendant's argument, however, suffers from two shortcomings. First, Defendant's argument is not supported by admissible evidence. Second, Plaintiff's evidentiary submissions create genuine factual disputes as to these matters.

In support of his motion for summary judgment, Defendant cites to his responses to Plaintiff's First Set of Interrogatories. (ECF No. 42-5 at PageID.271-74). The Federal Rules of Civil Procedure require that responses to interrogatories be made "under oath." Fed. R. Civ. P. 33(b)(3); *see*

*also*, *Stillwagon v. City of Delaware*, 2016 WL 6248956 at *2 (S.D. Ohio, Oct. 26, 2016) ("Rule 33(b)(3) requires answers to interrogatories to be given 'under oath'. . .[or] 'under penalty of perjury. . .'"). Defendant's responses fail to comply with this requirement and, therefore, cannot be considered as support for Defendant's motion for summary judgment. *See, e.g., Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008) ("only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment").

Absent this deficiency, the result would be the same as Plaintiff has presented evidence directly contradicting Defendant's assertions, thereby creating a genuine factual dispute regarding the essential elements of Plaintiff's claim. Plaintiff has submitted an affidavit in which he asserts the following. On January 16, 2014, Plaintiff informed Defendant that his bunkmate had assaulted him and threatened to rape and kill him. (ECF No. 50-1 at PageID.417). Defendant refused to do anything to help Plaintiff. (ECF No. 50-1 at PageID.417). On January 21, 2014, Plaintiff again reported to Defendant that his bunkmate threatened to rape and kill him. (ECF No. 50-1 at PageID.418). Plaintiff informed Defendant that he "was scared for [his] life." (ECF No. 50-1 at PageID.418). Plaintiff requested to be placed in a different cell, but Defendant refused. (ECF No. 50-1 at PageID.418). Plaintiff also testified at his deposition that he did not refuse an offer of protection from Defendant. (ECF No. 42-2 at PageID.259). In sum, Defendant has failed to meet his burden to demonstrate the lack of a genuine factual dispute necessitating a trial on the merits.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 41), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 21, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge